Hill v. RT Corp. et. al., No. 85-2-13 Bncv (Wesley, J., Feb. 10, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 85-2-13 Bncv** |

| | |
|---|---|
| **Joseph Hill,**<br>**Plaintiff.**<br><br>**v.**<br><br>**RT Corporation, JJ&J Inc., and Chase Eutzy,**<br>**Defendants.** | |

### Order Granting Plaintiff's Motion to Amend Complaint

Plaintiff sues Defendants under Vermont's Dram Shop Act. Plaintiff seeks to amend his complaint to add an additional defendant, Doug's on Main Street, and to request punitive damages against the RT Corporation. The RT Corporation opposes amending the complaint to claim punitive damages, arguing that the amendment is futile since Plaintiff cannot prove the RT Corporation acted with malice.

According to Plaintiff's amended complaint, Plaintiff was a passenger in an automobile that crashed, causing her to suffer injuries. The RT Corporation operated a bar named Ryan's. Before the crash, Ryan's served alcohol to the driver—Chase Eutzy. Ryan's served Mr. Eutzy alcohol when he "was apparently under the influence of intoxicating beverages." Ryan's also had a history of serving patrons that were visibly intoxicated. After leaving Ryan's Mr. Eutzy went to Doug's on Main Street and consumed more alcohol. Shortly after leaving Doug's, Mr. Eutzy crashed his car and injured Plaintiff.

The issue in this motion is whether the Court should allow Plaintiff to amend his complaint to seek punitive damages against the RT Corporation. Beyond twenty days after the date of service, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." V.R.C.P. 15(a). The trial court has discretion in allowing amendment of a complaint. *Shahi v. Madden*, 2008 VT 25, ¶ 6, 183 Vt. 320. Courts allow amendment where there is no prejudice and the amendment is not frivolous. *Id.* ¶ 7. In considering the appropriateness of punitive damages, the Court evaluates "reprehensibility of the defendant's conduct." *Id.* ¶ 26 (internal quotations omitted). Courts look at malice, whether a plaintiff suffered a physical harm, whether the conduct posed a risk to the safety of others, and how many times the conduct occurred. *Id.* ¶ 26.

The Vermont Supreme Court has ruled that plaintiffs may seek punitive damages based on violations of the Dram Shop Act. *See Clymer v. Webster*, 156 Vt. 614, 631–32 (1991); *see also* 7 V.S.A. § 501 (Vermont's Dram Shop Act). In *Clymer*, commercial vendors sold alcohol to a driver who crashed his car and killed the decedent. 156 Vt. at 617–18. Among other things, the estate sought punitive damages. *Id.* at 618. The defendants argued the Dram Shop Act could not

give rise to punitive damages because it was a strict liability statute. *Id.* at 631. The Vermont Supreme Court disagreed and found a reckless violation of the Dram Shop Act could expose the defendants to punitive damages. *See id.* at 633.

In this case, the Court allows Plaintiff to amend his complaint to seek punitive damages because there is no prejudice to the RT Corporation and the amendment is not frivolous. *See* V.R.C.P. 15(a). According to the stipulated scheduling order, the parties had until February 10, 2014 to seek to bring in third-parties. The parties also have until July 10, 2014 to finish discovery and until August 10, 2013 to file pre-trial motions. The trial, and even the close of discovery, is months away. Moreover, Plaintiff seeks damages against the RT Corporation based on the same conduct pled in his original complaint. There is no prejudice to Defendant.

The amendment is not frivolous. Plaintiff claims Ryan's served patrons that were visibly intoxicated and served Mr. Eutzy while he was apparently intoxicated. Repeatedly serving alcohol to intoxicating patrons poses a risk to public safety and allegedly injured Plaintiff. *See Shahi*, 2008 VT 25, ¶ 26. Serving alcohol to an obviously intoxicated patron could be sufficient to show a reckless disregard for public safety. *See Clymer*, 156 Vt. at 631–33. Accordingly, the Court will allow Plaintiff to amend his complaint.

The RT Corporation's arguments against amendment are more appropriate for a summary judgment motion or for consideration by the finder of fact. The RT Corporation maintains that there is no record of it repeatedly over serving patrons. Further, Mr. Eutzy traveled to Doug's and consumed additional alcohol before the crash, which would have increased his impairment. These arguments go to whether Plaintiff can support his claim for punitive damages, but not whether he can allege a valid claim. For the purposes of pleading, the Court will allow Plaintiff to seek punitive damages.

## Order

The Court **GRANTS** Plaintiff's motion to amend his complaint..

Dated and signed electronically at Bennington, Vermont on February 12, 2014.

John P. Wesley
_____
John P. Wesley
Superior Court Judge